# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAXELL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BLACKBERRY CORPORATION and BLACKBERRY LTD., <br><br> Defendants. | Case No. 17-1446-JFB-SRF <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

OF COUNSEL:

Brian C. Riopelle
Brian D. Schmalzbach
Lyle D. Kossis
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(T) (804) 775-1000
(F) (804) 698-2304
briopelle@mcguirewoods.com
bschmalzbach@mcguirewoods.com
lkossis@mcguirewoods.com

Jason W. Cook
Shaun W. Hassett
MCGUIREWOODS LLP
2000 McKinney Avenue
Suite 1400
Dallas, TX 75201
(T) (214) 932-6418
(F) (214) 273-7483
jcook@mcguirewoods.com
shassett@mcguirewoods.com

Dated: February 9, 2018

Chad S.C. Stover (No. 4919)
BARNES & THORNBURG LLP
1000 N. West Street
Suite 1500
Wilmington, DE 19801
(T) (302) 300-3474
(F) (302) 300-3456
chad.stover@btlaw.com

*Counsel for BlackBerry Corporation and BlackBerry LTD.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.     This Court does not need to construe the claims to resolve the motion to dismiss, even if the claims are means-plus-function claims. ................................. 2

    II.    The device limitations in the '999 patent do not make it patent eligible. ............... 6

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alice Corp. Pty. v. CLS Bank Int'l*,
 134 S. Ct. 2347 (2014) ................................................................................. 1, 4, 6, 9

*Bilski v. Kappos*,
 561 U.S. 593 (2010) ............................................................................................... 8

*Blackbird Tech LLC v. Advanced Discovery Inc.*,
 No. 16-cv-413, 2017 WL 2734725 (D. Del. June 26, 2017) ................................. 2

*CG Tech. Dev., LLC v. Big Fish Games, Inc.*,
 No. 16-cv-00857, 2016 WL 4521682 (D. Nev. Aug. 29, 2016) ............................ 8

*CyberSource Corp. v. Retail Decisions, Inc.*,
 654 F.3d 1366 (Fed. Cir. 2011) .......................................................................... 6, 7

*Dialware Commc'ns, LLC v. Hasbro, Inc.*,
 No. 16-cv-9012, 2017 WL 3453298 (C.D. Cal. Mar. 22, 2017) ............................ 8

*Enfish, LLC v. Microsoft Corp.*,
 822 F.3d 1327 (Fed. Cir. 2016) .............................................................................. 8

*FairWarning IP, LLC v. Iatric Sys., Inc.*,
 839 F.3d 1089 (Fed. Cir. 2016) .............................................................................. 2

*Front Row Techs., LLC v. NBA Media Ventures, LLC*,
 204 F. Supp. 3d 1190 (D.N.M. 2016) .................................................................. 10

*Gaelco S.A. v. Arachnid 360, LLC*,
 No. 16-cv-10629, 2017 WL 6570462 (N.D. Ill. Dec. 21, 2017) ............................ 8

*Genetic Techs. Ltd. v. Lab. Corp. of Am. Holdings*,
 No. 12-cv-1736, 2014 WL 4379587 (D. Del. Sept. 3, 2014) ................................. 2

*Genetic Techs. Ltd. v. Merial LLC*,
 818 F.3d 1369 (Fed. Cir. 2016) .............................................................................. 2

*Intellectual Ventures I LLC v. AT&T Mobility LLC*,
 235 F. Supp. 3d 577 (D. Del. 2016) ....................................................................... 5

*Intellectual Ventures I LLC v. Manufacturers & Traders Tr. Co.*,
 76 F. Supp. 3d 536 (D. Del. 2014) ................................................................. 3, 5, 10

*Jedi Techs., Inc. v. Spark Networks, Inc.*,
   No. 1:16-cv-1055, 2017 WL 3315279 (D. Del. Aug. 3, 2017)..................................2

*Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*,
   76 F. Supp. 3d 513 (D. Del. 2014).........................................................................7

*Landmark Tech., LLC v. Assurant, Inc.*,
   No. 15-cv-76, 2015 WL 4388311 (E.D. Tex. July 14, 2015) ......................................4

*Linear Tech. Corp. v. Impala Linear Corp.*,
   379 F.3d 1311 (Fed. Cir. 2004)...............................................................................5

*Priceplay.com, Inc. v. AOL Advert., Inc.*,
   83 F. Supp. 3d 577 (D. Del. 2015)..........................................................................2

*Procter & Gamble Co. v. QuantifiCare Inc.*,
   No. 17-cv-03061, 2017 WL 6497629 (N.D. Cal. Dec. 19, 2017)..............................4

*Smart Software, Inc. v. PlanningEdge, LLC*,
   192 F. Supp. 3d 243 (D. Mass. 2016) .......................................................3, 4, 5, 6

*SP Plus Corp. v. IPT, LLC*,
   No. 16-cv-2474, 2017 WL 2226240 (E.D. La. May 19, 2017) .................................8

*TAGI Ventures, LLC v. Turner Sports Interactive, Inc.*,
   No. 16-cv-3412, 2017 WL 3469528 (N.D. Ga. Feb. 17, 2017)................................8

*Umbanet, Inc. v. Epsilon Data Mgmt., LLC*,
   263 F. Supp. 3d 647 (E.D. Tex. 2017).....................................................................4

**Statutes**

35 U.S.C. § 101............................................................................................... *passim*

**Rules**

Rule 12(b)(6)........................................................................................................2

**INTRODUCTION**

Maxell's answering brief (D.I. 17) is noteworthy for what it does *not* dispute. Maxell does not dispute that using maps to display information is an ancient human practice. Maxell also does not dispute that displaying geographic directions on a handheld device is an abstract idea. And Maxell does not contest that the system described in U.S. Patent No. 6,580,999 (the '999 patent) can be implemented on generic computer components. In fact, Maxell admits (at 18–19) "that the invention's underlying goal" of "navigation using a mobile device[] was a *known concept*" when the patent was issued. (Emphasis added).

Instead, Maxell argues that dismissal is improper for two reasons. First, Maxell contends (at 10–13) that the '999 patent's claims are means-plus-function claims, and that the court must construe the claims before considering patent eligibility. Second, Maxell argues (at 14) that the claims are not invalid under 35 U.S.C. § 101 because they recite a "specific physical device comprising specific physical components," rather than an abstract method.

Both points are wrong. Courts have consistently resolved motions to dismiss under § 101 before engaging in claim construction. This remains true even when the plaintiff argues that the asserted claims are means-plus-function claims. Likewise, courts have held that claims drawn to tangible objects—like devices, apparatuses, and storage mediums—are invalid under § 101 if they merely implement an abstract idea using generic computing components. The Supreme Court made this point plain in *Alice*: although "a computer is a tangible system," if "that were the end of the § 101 inquiry, an applicant could claim any principle of the physical or social sciences by reciting a computer system configured to implement the relevant concept." *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2359 (2014). Because the '999 patent claims patent-ineligible subject matter, this Court should dismiss Count I of Maxell's complaint.

## ARGUMENT

I. **This Court does not need to construe the claims to resolve the motion to dismiss, even if the claims are means-plus-function claims.**

This Court should resolve the motion to dismiss before engaging in claim construction. The Federal Circuit has "*repeatedly* recognized that in many cases it is possible and proper to determine patent eligibility under 35 U.S.C. § 101 on a Rule 12(b)(6) motion." *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1097 (Fed. Cir. 2016) (emphasis added). As a result, addressing a motion to dismiss "under § 101 can proceed even before a formal claim construction." *Genetic Techs. Ltd. v. Merial LLC*, 818 F.3d 1369, 1374 (Fed. Cir. 2016). This Court has heeded the Federal Circuit's guidance and many times resolved § 101 challenges before undertaking claim construction. *See, e.g.*, *Jedi Techs., Inc. v. Spark Networks, Inc.*, No. 1:16-cv-1055, 2017 WL 3315279, at *6 (D. Del. Aug. 3, 2017) ("[I]t is not uncommon for courts to rule on § 101 motions at the pleading stage."); *Blackbird Tech LLC v. Advanced Discovery Inc.*, No. 16-cv-413, 2017 WL 2734725, at *3 (D. Del. June 26, 2017) (granting motion to dismiss before claim construction); *Genetic Techs. Ltd. v. Lab. Corp. of Am. Holdings*, No. 12-cv-1736, 2014 WL 4379587, at *6 (D. Del. Sept. 3, 2014) (Burke, J.; report and recommendation) (same).

A plaintiff cannot always postpone a § 101 ruling by arguing that claim construction might make a difference. Instead, the proper course "[a]t the motion to dismiss stage" is to accept "any proposed claim constructions of the non-moving party." *Priceplay.com, Inc. v. AOL Advert., Inc.*, 83 F. Supp. 3d 577, 580 (D. Del. 2015).[1] Courts adopt this approach because "[c]laim construction is a question of law" that need not depend on fact discovery and expert testimony. *Id.*

---

[1] BlackBerry reserves its right to argue for a different claim construction at later stages of this case if the Court denies the motion to dismiss.

2

Contrary to Maxell's argument (at 10–13), these principles apply even when the plaintiff alleges that the asserted claims are means-plus-function claims. In *Intellectual Ventures I LLC v. Manufacturers & Traders Tr. Co.*, 76 F. Supp. 3d 536, 539 (D. Del. 2014), the defendant moved to dismiss the complaint because the patents claimed ineligible subject matter under § 101. After reviewing the representative claim, the Court concluded that the patent recited the abstract idea of "providing a user with aliases to use in conducting transactions." *Id*. at 551. The Court also concluded that the other claims did not add an inventive concept to the abstract idea. Significantly, this included a "means-plus-function" claim with limitations drawn to a "means for facilitating one or more purchasing transactions" and a "means for obtaining [credit card numbers] from the billing service," among others. *Id*. at 552 & n.12. Despite the means-plus-function language, the Court invalidated the claim because "the means-plus-function limitations of independent claim 15 are likewise *limited to generic computers and components*." *Id*. at 552 (footnote omitted; emphasis added). This Court had no qualms with evaluating means-plus-function claims both on a motion to dismiss and before claim construction.

Other courts have reached the same conclusion. In *Smart Software, Inc. v. PlanningEdge, LLC*, 192 F. Supp. 3d 243, 245 (D. Mass. 2016), the defendant moved to dismiss the complaint under § 101. After reviewing the asserted claims, the court held that the patent was directed to the abstract idea of "forecasting intermittent demand," and that the claim limitations did not add an inventive concept because they "do[] not purport to improve the functioning of the computer itself." *Id*. at 249–51. The plaintiff argued, though, "that a claim construction hearing is necessary for Claim 10 of the '431 Patent" because it was "a means-plus-function claim." *Id*. at 247. The court disagreed because "the fact that Claim 10 . . . is a means-plus-function claim" does not "alter the analysis." *Id*. at 251. The court noted that "[o]ther

courts have dismissed infringement suits involving patents with means-plus-function claims on the pleadings based on § 101 eligibility." *Id*. at 247 (citing cases). And in *Smart Software*, the plaintiff (just like Maxell) did not "provide the Court with any specific corresponding structures in the specification that would plausibly provide a meaningful limitation." *Id*. at 251; *cf.* D.I. 17 at 11–12 (offering hypotheticals about how the generic devices in the claims "*could* be limited," but providing no proposed constructions (emphasis added)). Without specific constructions, the means-plus-function claims flunked *Alice* for the same reasons as the method claims. *See id*.

These decisions are part of a consistent line of authority that refuse to delay a § 101 ruling simply because of the presence of a means-plus-function claim. When plaintiffs have raised the same arguments as Maxell, courts have responded that "[c]ontrary to [the plaintiff's] position, the mere presence of means plus function terms does not require a deferred ruling on validity under § 101." *Landmark Tech., LLC v. Assurant, Inc.*, No. 15-cv-76, 2015 WL 4388311, at *3 (E.D. Tex. July 14, 2015) (report and recommendation). In *Landmark Technology*, as in many other cases, the court held that claims containing means-plus-function limitations were invalid under § 101 because the corresponding structures—a "computing *device*" and a "mass memory *device*"—were "generic components of *any* computer or network." *Id*. at *7 (emphases added); *see also Umbanet, Inc. v. Epsilon Data Mgmt., LLC*, 263 F. Supp. 3d 647, 652–54 & n.4 (E.D. Tex. 2017) (granting motion to dismiss means-plus-function claims prior to claim construction); *Procter & Gamble Co. v. QuantifiCare Inc.*, No. 17-cv-03061, 2017 WL 6497629, at *4, *17, *20–21 (N.D. Cal. Dec. 19, 2017) (same).[2] Thus, even if the '999

---

[2] Maxell (at 13) cites BlackBerry's motion for judgment on the pleadings in *MAZ Encryption Technologies LLC v. BlackBerry Corporation* as another example of a premature § 101 motion. But the absence of claim constructions in that case was *not* the reason BlackBerry's motion was denied. The court there construed the claims in June 2015, No. 1:13-cv-305 at D.I. 105, and denied BlackBerry's motion more than one year later in September 2016, *id*. at D.I. 229.

4

patent's claims contain means-plus-function limitations, the Court can address them at the pleadings stage before claim construction.

All of this highlights that Maxell incorrectly insists (at 9) that it is "premature to evaluate the eligibility question" because of the alleged means-plus-function limitations. Courts resolve § 101 disputes quickly not only because patent eligibility is a question of law, but because "[w]hether claim language should be interpreted as a means-plus-function limitation" is also "a question of law." *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1318 (Fed. Cir. 2004). And contrary to Maxell's contention (at 3), BlackBerry does not have to "prove by clear and convincing evidence that every claim is ineligible." This Court does not demand clear and convincing evidence for § 101 arguments because "[p]atent eligibility is a question of law," and the Court's decision "does not turn on questions of fact." *Intellectual Ventures I LLC v. AT&T Mobility LLC*, 235 F. Supp. 3d 577, 589 (D. Del. 2016).

Maxell also wrongly states (at 13) that "the specification directly contradicts BlackBerry's suggestion that the claimed invention was conventional." BlackBerry has shown that the '999 patent uses generic computing technology, even if the claims contain means-plus-function limitations whose corresponding structure is recited in the specification. D.I. 13 at 12–14. All Maxell offers in response (at 13) is that the specification distinguished the alleged invention from "conventional" technologies. But Maxell never quotes language from the specification that explains *which physical components* are not generic. The patent's reliance on generic off-the-shelf technology is enough to invalidate alleged means-plus-function claims at the pleadings stage. *See Intellectual Ventures I LLC*, 76 F. Supp. 3d at 552 & n.12; *Smart Software, Inc.*, 192 F. Supp. 3d at 251.

In sum, there is ample authority for invalidating means-plus-function claims on the pleadings. To show that dismissal is warranted, BlackBerry is not obligated to supply "proposed [] construction[s]," as Maxell argues (at 12). *See Smart Software*, 192 F. Supp. 3d at 247. Given this authority, this Court should not delay resolving the motion to dismiss.

## II. The device limitations in the '999 patent do not make it patent eligible.

Maxell cannot circumvent § 101 by claiming a generic physical device programmed to implement an abstract idea. While Maxell contends (at 14) that the '999 patent claims eligible subject matter because it covers "a specific physical device," the Supreme Court rejected this end around in *Alice*. There, the Court held that the patent's method claims were invalid because they did not add an inventive concept to the "abstract idea of intermediated settlement." 134 S. Ct. at 2356–57. As to the system and storage medium claims, though, the petitioner "emphasize[d] that those claims recite '*specific hardware*' configured to perform '*specific computerized functions*.'" *Id*. at 2360 (emphases added); *cf.* D.I. 17 at 15 (claims are allegedly patent eligible because they recite "a physical device with specifically-recited components"). The Court rejected this argument because "what petitioner characterizes as specific hardware . . . is purely functional and generic. Nearly every computer will include a 'communications controller' and 'data storage unit.'" 134 S. Ct. at 2360. In other words, it did not matter that the system and storage medium claims recited a particular physical device. Appending generic devices to otherwise abstract ideas is not a magic bullet, as the Court "has long warned against interpreting § 101 in ways that make patent eligibility depend simply on the draftsman's art." *Id*. (cleaned up).

The Federal Circuit is in accord. In *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1370 (Fed. Cir. 2011), the court confronted a patent "for verifying the validity of a credit card transaction over the Internet." The court concluded that the method claims were

6

invalid because they recited an abstract idea "that can be performed by human thought alone." *Id*. at 1373. But the patentee insisted that the computer-readable-medium claims were valid. It argued that "a *tangible, man-made* article of manufacture . . . cannot possibly fall within any of the three patent-eligibility exceptions the Supreme Court has recognized." *Id*. at 1374 (emphasis added). The Federal Circuit disagreed. "[W]e have never suggested that simply reciting the use of a computer to execute an algorithm that can be performed entirely in the human mind" converts an unpatentable idea into a patentable invention. *Id*. at 1375. Despite the claim's focus on a tangible computing component like "a disk, hard drive, or other data storage device," it was invalid under § 101. *Id*. at 1373, 1376–77.

This Court has employed similar reasoning, too. In *Joao Bock Transaction Sys., LLC v. Jack Henry & Associates, Inc.*, 76 F. Supp. 3d 513, 521 (D. Del. 2014), the representative claim covered a "transaction security apparatus" that included "a memory device" and "a processing device." *Id*. at 521. The defendant argued that the claims recited an abstract idea, and it analogized the claims to the pre-Internet analog of a bank teller stopping a check from clearing to illustrate its case. *Id*. at 522 & n.6. That is akin to BlackBerry's pre-Internet analogy, which uses a Boy Scout employing a series of handheld devices to display navigation information. *See* D.I. 13 at 5–6.

The Court in *Joao Bock* held that the claims were directed to an abstract idea. 76 F. Supp. 3d at 522. Like Maxell, the plaintiff protested that the claims were patent eligible because they used "*specific computers* with bank processing software" to implement the abstract idea on physical devices. *Id*. (quotation marks omitted; emphasis added). But the Court held that "[t]he fact that the asserted claims are apparatus claims, not method claims, does not change the court's analysis." *Id*. at 523. If it were otherwise, "then applying a presumptively different approach to

7

system or apparatus claims generally would reward precisely the type of clever claim drafting that the Supreme Court has repeatedly instructed the Court to ignore." *Id*. (cleaned up).

Courts in other districts have likewise rebuffed plaintiffs' arguments that asserted claims are patent eligible simply because they comprise physical devices. *See, e.g.*, *Gaelco S.A. v. Arachnid 360, LLC*, No. 16-cv-10629, 2017 WL 6570462, at *6–7 (N.D. Ill. Dec. 21, 2017) ("[T]he fact that a claim requires concrete tangible components does not save it from being abstract where the recited physical components merely provide a generic environment in which to carry out the abstract idea." (quotation marks omitted)); *SP Plus Corp. v. IPT, LLC*, No. 16-cv-2474, 2017 WL 2226240, at *5 (E.D. La. May 19, 2017) ("[R]eliance on a tangible component or device as a vehicle for the implementation of an abstract idea does not render a patent claim subject-matter eligible."); *Dialware Commc'ns, LLC v. Hasbro, Inc.*, No. 16-cv-9012, 2017 WL 3453298, at *2 (C.D. Cal. Mar. 22, 2017) (holding that although the patents claimed "tangible toys *or devices*," "[t]he mere inclusion of tangible elements in an otherwise abstract idea does not render the subject matter any less abstract" (emphasis added)); *TAGI Ventures, LLC v. Turner Sports Interactive, Inc.*, No. 16-cv-3412, 2017 WL 3469528, at *5–6 (N.D. Ga. Feb. 17, 2017) (invalidating claim covering "computing storage device" comprised of other tangible devices because they implemented an abstract idea); *CG Tech. Dev., LLC v. Big Fish Games, Inc.*, No. 16-cv-00857, 2016 WL 4521682, at *4 (D. Nev. Aug. 29, 2016) (invalidating an apparatus claim that included "a processor, memory device, and computing device" because these generic elements "are used to implement the abstract idea").

To support its claim (at 4) that "specific physical device[s] comprising specific physical components" are "quintessentially eligible subject matter," Maxell relies on (at 16) two out-of-context quotes from *Bilski v. Kappos*, 561 U.S. 593 (2010), and *Enfish, LLC v. Microsoft Corp.*,

822 F.3d 1327 (Fed. Cir. 2016). Neither quote helps Maxell. The Court in *Bilski* stated that "[t]he machine-or-transformation test may well provide a sufficient basis for evaluating processes similar to those in the Industrial Age—for example, inventions grounded in a physical or other tangible form." 561 U.S. at 605. This statement, of course, does not contend that patent claims drawn to specific physical devices are categorically patent eligible. Ditto for *Enfish*, which stated only that courts "cannot simply ask whether the claims *involve* a patent-ineligible concept, because essentially every routinely patent-eligible claim involving physical products and actions *involves* a law of nature and/or natural phenomenon." 822 F.3d at 1335.

In fact, all of this was settled in *Alice*. "The fact that a computer necessarily exists in the physical, rather than purely conceptual, realm, is beside the point." 134 S. Ct. at 2358 (cleaned up). Defendants do not have to surrender § 101 arguments simply because the claims recite a physical product. "[I]f that were the end of the § 101 inquiry, an applicant could claim any principle of the physical or social sciences by reciting a computer system configured to implement the relevant concept." *Id*. at 2359. Such a result turns *Alice* on its head and does nothing to prevent patents from monopolizing "the basic tools of scientific and technological work." *Id*. at 2354. Because claims comprising devices are not categorically patent eligible, Maxell cannot distinguish (at 17 & n.1) all of BlackBerry's cases by pointing out that some did not involve claims for physical products.

Finally, Maxell again erroneously argues (at 18) that the asserted claims "recite an inventive concept." Maxell, though, does not cite any statements in the claims or the specification to show that the purported invention adds an inventive concept. In fact, Maxell cites a portion of the specification (at 13, citing 2:47–67) that bolsters BlackBerry's argument: "the portable terminal of the present invention . . . is provided with data communication, input,

9

and display devices *just like those of ordinary portable telephones and PHS terminals*." '999 patent col. 2, ll. 58–62 (emphasis added). Thus, even if the Court accepts Maxell's vague means-plus-function construction for certain components, the claims are still invalid because the components in the specification are all typical components in handheld devices.

On top of that, Maxell mischaracterizes BlackBerry's contention (at 19) as "consist[ing] entirely of unsupported attorney argument." In its opening brief, BlackBerry extensively cited the specification in arguing that the claims did not add an inventive concept. D.I. 13 at 12–14. While Maxell faulted BlackBerry (at 13) for relying on the specification's use of "or the like," that is precisely the language courts have highlighted to conclude that an invention's computing components are generic. *See Intellectual Ventures I LLC*, 76 F. Supp. 3d at 546 n.5 (holding that references to "a telephone, pager, PDA, or the like" were generic); *Front Row Techs., LLC v. NBA Media Ventures, LLC*, 204 F. Supp. 3d 1190, 1279 (D.N.M. 2016) (holding that claim steps for modifying devices with "proper authentication, filters, security codes, or the like" relied on generic components and conventional activity).

Thus, this Court should grant BlackBerry's motion to dismiss because "device" claims are not categorically patent eligible.

## CONCLUSION

BlackBerry respectfully requests that this Court dismiss Count I of Maxell's complaint because the '999 patent is invalid under 35 U.S.C. § 101.

Dated: February 9, 2018

Respectfully submitted,

/s/ *Chad S.C. Stover*
Chad S.C. Stover (No. 4919)
BARNES & THORNBURG LLP
1000 N. West Street
Suite 1500
Wilmington, DE 19801
(T) (302) 300-3474
(F) (302) 300-3456
chad.stover@btlaw.com

Brian C. Riopelle
Brian D. Schmalzbach
Lyle D. Kossis
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(T) (804) 775-1000
(F) (804) 698-2304
briopelle@mcguirewoods.com
bschmalzbach@mcguirewoods.com
lkossis@mcguirewoods.com

Jason W. Cook
Shaun W. Hassett
MCGUIREWOODS LLP
2000 McKinney Avenue
Suite 1400
Dallas, TX 75201
(T) (214) 932-6418
(F) (214) 273-7483
jcook@mcguirewoods.com
shassett@mcguirewoods.com

*Counsel for BlackBerry Corporation and BlackBerry LTD.*